## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDELINE M. SEGOVIA, individually and on behalf of all other persons similarly situated, : : : | |
| Plaintiff, : : | **CIVIL ACTION** |
| v. : : | **Case No.:** |
| SUNRISE MEDICAL LABORATORIES, INC., a New York Corporation, KATHRYN DAVIES, a/k/a KATHRYN ESPOSITO, JOHN/JANE DOE, fictitiously named parties, true name(s) unknown, and COMPANY ABC, COMPANY XYZ, fictitiously named business entities, true name(s) unknown, : : : : : : : | **COMPLAINT & JURY DEMAND** |
| Defendants. : : | |

Plaintiff EDELINE M. SEGOVIA (hereinafter "Plaintiff), by way of Summons &

Complaint against Defendants, hereby states, upon information and belief, as follows:

### **INTRODUCTION**

1.  Plaintiff alleges on behalf of herself and on behalf of other similarly situated current

    and former employees of Defendants who elect to opt into this action pursuant to the

    Fair Labor Standards Act (hereinafter "FLSA") that among other things, they are

    entitled to: (i)  unpaid wages from Defendants for overtime work for which they did

    not receive overtime  premium pay as required by law, and (ii) liquidated damages

    pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because Defendants' violations lacked

    a good faith basis.

2.  Plaintiff further alleges on behalf of herself and on behalf of other similarly situated

    current and former employees of Defendants pursuant to the New York Labor Law

    and its supporting regulations that among other things, they are entitled to unpaid

    wages for hours worked, unpaid overtime wages, unpaid spread-of-hours, statutory

damages for failure to provide notices and wage statements pursuant to Wage Theft Prevention Act, prejudgment interest, post-judgment interest, and attorney's fees and costs.

## THE PARTIES

3. Plaintiff is an individual who resides in the State of New Jersey, and who is a former employee of Defendants.

4. Defendant SUNRISE MEDICAL LABORATORIES, INC. (hereinafter "Sunrise") is a New York domestic business corporation, which conducts business in the State of New York.

5. Sunrise's principal executive office is located at 250 Miller Place, Hicksville, NY.

6. Defendant Sunrise has a national presence, with multiple locations in the State of New York and throughout the United States.

7. Defendant Sunrise employs hundreds of employees across the country.

8. Defendant KATHRYN DAVIES a/k/a KATHYRN ESPOSITO (hereinafter "Kathryn") was Plaintiff's manager while Plaintiff was employed by Defendants.

9. Upon information and belief, Defendant Kathryn had the power to hire and fire employees, set wages, set schedules, and supervised Plaintiff, as well as other employees, and retained records.

10. Defendant John Doe and Jane Doe are individuals, true names unknown at this time, affiliated with the other Defendants.

11. Defendants Company ABC and Company XYZ are business entities, true names unknown at this time, affiliated with the other Defendants.

12. All Defendants are "employers" as defined in the Fair Labor Standards Act and the New York Labor Law.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

14. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the enterprise was located in this district, and all transgressions occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

16. Pursuant to 29 U.S.C. § 206 and §207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were employed by Defendants in the United States at all relevant times, who were non-exempt employees within the meaning of the FLSA, and who were not paid statutory overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17. The Collective Action Members are similarly situated to Plaintiff in that they were employed by Defendants as non-exempt employees, including, but not limited to, as cytotechnologists, and were denied premium overtime pay for hours worked beyond forty hours in a week.

18. They are further similarly situated in that Defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

19. The exact number of such individuals is presently unknown, but is known by Defendants and can be ascertained through appropriate discovery.

**CLASS ACTION ALLEGATIONS**

20. Plaintiff seeks to prosecute her wage and hour claims as a class action on behalf of all persons employed by the Defendants at all relevant times, who were not paid spread-of-hours for every day that they worked in excess of 10 hours, statutory overtime compensation, statutory wages for hours worked, and provided the notices and wage statements pursuant to the Wage Theft Prevention Act.

21. At all relevant times, Plaintiff and other members of the Class were similarly situated because they have been subject to Defendants' common practices, policies, procedures, protocols and plans, including willfully failing and refusing to pay them the required spread-of-hours, overtime pay, statutory wages for hours worked, and willfully failing to provide notices and statements pursuant to the Wage Theft Prevention Act.

22. The Class Members are similarly situated to Plaintiff in that they were employed by Defendants, and were denied spread-of-hours for every day that they worked in excess of 10 hours, premium overtime pay for hours worked beyond forty hours in a week, statutory wages for hours worked, and notices and wage statements pursuant to the Wage Theft Prevention Act.

23. The claims of Plaintiff stated herein are similar to those of other employees and former employees.

**FACTS**

24. Plaintiff was employed by Defendants as a cytotechnologist from August 13, 2018 to September 30, 2019.

25. Plaintiff was employed as a non-exempt, hourly, employee, and as such, she was entitled to the proper overtime pay, as well as to the proper notices and wage

4

statements, and the proper spread-of-hours pay.

26. Although Plaintiff was paid at the rate of $46/hour, she was not paid at the required overtime rate of 1.5 times the regular rate, for all hours worked in excess of 40 hours in a given week.

27. Plaintiff has over 30 years of experience in her field.

28. During certain weeks, Plaintiff worked from Mondays through Fridays.

29. During certain weeks, Plaintiff would work on Saturdays too.

30. In at least 40-45 of the weeks that Plaintiff was employed by Defendants, Plaintiff worked in excess of 40 hours in a given week, yet she was not paid overtime as required by the FLSA and New York Labor Law.

31. At times, Plaintiff worked approximately 20 hours of overtime in a given week.

32. Defendant Kathryn supervised Plaintiff's work, had the power to hire and fire, and controlled Plaintiff's work schedule.

33. Through the individual Defendants named herein, Sunrise was involved in the day-to-day supervision and discipline of its employees, including Plaintiff.

34. Sunrise controlled the work schedule of its employees, including Plaintiff.

35. Sunrise maintained Plaintiff's employment records.

36. Defendants failed to pay Plaintiff statutory overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek.

37. Defendants violated multiple aspects of the federal and state labor laws by mishandling Plaintiff's compensation calculations.

38. Defendants failed to meet the statutory recordkeeping requirements under both the federal and state labor laws.

## FIRST CAUSE OF ACTION
### Unpaid Overtime Wages – New York Labor Law

39. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

40. At all relevant times, Defendants employed the Plaintiff within the meaning of the New York Labor Law §§2 and 651.

41. Defendants willfully violated Plaintiff's rights by failing to pay her overtime wages for hours worked in excess of forty hours per week under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 142-2.2.

42. Defendants' failure to pay overtime was willful within the meaning of New York labor Law § 663 and supporting regulations.

43. By reason of Defendants' violations of New York Labor Law, the Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages and an amount equal to her unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to New York labor Law 198, all in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Spread of Hours – New York Labor Law

44. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

45. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of 10 hours pursuant to the NYLL §§190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations §146-1.6.

46. The Defendants violated the aforementioned legal requirement.

### THIRD CAUSE OF ACTION
### Wage Theft Prevention Act Under The New York Labor Law

47. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

48. At all relevant times, Defendants employed Plaintiff within the meaning of the New York Labor Law §§ 2 and 651.

49. Defendants willfully violated Plaintiff's rights by failing to provide her with the wage notices required by the Wage Theft Prevention Act.

50. Defendants willfully violated Plaintiff's rights by failing to provide her with wage statements required by the Wage Theft Prevention Act.

51. Due to Defendants' New York Labor Law violations, the Plaintiff is entitled to recover statutory damages pursuant to the Wage Theft Prevention Act.

### FOURTH CAUSE OF ACTION
### Unpaid Wags Under the New York Labor Law

52. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

53. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

54. Plaintiff worked more hours than those reflected by Defendants' "employment records." She was not compensated by Defendants for all hours she worked.

55. Defendants failed to pay Plaintiff wages for hours worked in violation of NYLL Article 6.

56. Due to Defendants' violations of the New York Labor Laws, Plaintiff is entitled to recovery from Defendants, jointly and severally, her unpaid wages and an amount equal to her unpaid wages in the form of liquidated damages, as well as reasonable

7

attorney's fees and costs of the action, and interest in accordance with New York

Labor Law §198(1-a).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

A.  Unpaid overtime wages;

B.  Unpaid wages for hours worked;

C.  An additional and equal amount as liquidated damages pursuant to N.Y. Lab. Law

Article 19, §§ 650 *et seq.*, and the NY State Department of Labor regulations;

however, Plaintiff will wave liquidated damages if there is class action certification;

D.  Pre-judgment interest;

E.  Post-judgment interest;

F.  An injunction requiring Defendants to pay all statutory-required wages and comply

with all other legal requirements detailed herein, pursuant to NY Labor Law;

G.  Attorneys' fees and costs of the action; and

H.  Such other relief as this Court shall deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.


Date: November 18, 2019                          **HENG WANG & ASSOCIATES, P.C.**
                                                 *Attorney for Plaintiffs*

                                                  _/s Heng Wang_____
                                                 By:  Heng Wang, Esq.
                                                      305 Broadway, Suite 1000
                                                      New York, NY 10007
                                                      Tel:    (212) 513-1183
                                                      Heng.wang@wanggaolaw.com

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

To: SUNRISE MEDICAL LABORATORIES, INC.

PLEASE TAKE NOTICE THAT Plaintiff and others similarly situated, as employees of the above corporation, intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of New York, payment of debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the above corporation for services performed by them for the above corporation and LLC within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation and LLC, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

Date: November 18, 2019

**HENG WANG & ASSOCIATES, P.C.**
*Attorney for Plaintiffs*

  _/s Heng Wang_____

By:  Heng Wang, Esq.
     305 Broadway, Suite 1000
     New York, NY 10007
     Tel:     (212) 513-1183
     Heng.wang@wanggaolaw.com

9