|  |  |
|---|---|
| 305 Broadway, Suite 1000<br>New York, NY 10007<br>Telephone: (212) 203-5231<br>Facsimile:  (212) 203-5237 | *Knowledge, Focus, Expertise*<br>**HENG WANG &<br>ASSOCIATES P.C.** |

November 18, 2019

**VIA ECF FILING & THEN VIA PROCESS SERVER**
Sunrise Medical Laboratories, Inc.
Kathryn Davies a/k/a Kathryn Esposito
250 Miller Place
Hicksville, NY 11801

       **RE:**     Edeline M. Segovia v. Sunrise Medical Laboratories, Inc. *et al.*
               Case No.: TBD
               **LITIGATION HOLD NOTICE**

Dear Sunrise Medical Laboratories, Inc. and Ms. Davies:

       We write to you concerning the lawsuit filed against each of you and corporate defendant Sunrise Medical Laboratories, Inc. in the United States District Court, Eastern District of New York wherein the Plaintiff Edeline M. Segovia seeks recovery of unpaid wages, unpaid overtime, and related relief, pursuant to the federal and state wage and hour laws. Among other things, the Plaintiff has asserted that you have failed to compensate her for all hours worked.

       This lawsuit will be governed by the Federal Rules of Civil Procedure, which apply to all lawsuits filed in United States federal courts such as the one in the Eastern District of New York.  Pursuant to the Federal Rules of Civil Procedure, every party to a lawsuit has a duty to preserve all evidence relevant to this legal dispute. In order to comply with the Federal Rules of Civil Procedure, it is important that you place a "Litigation Hold" on any information and/or materials that are potentially relevant to the Plaintiff's claims by (1) identifying and segregating any such potentially relevant information and/or materials; and (2) suspending the application of any routine and/or automatic document destruction practices that you may have as to any such potentially relevant information or materials. Your failure to properly enact a Litigation Hold and preserve the potentially relevant information and/or materials may lead to the Plaintiff's application for sanctions, which may include, but not limited to, the imposition of monetary sanctions, the direction that negative inferences be drawn based upon the unavailability of the potentially relevant information and/or materials, the creation of separate causes of action for fraudulent concealment of evidence and/or spoliation of evidence, or the dismissal of your Answer to the Complaint resulting in a default decision on the Plaintiff's behalf, and potentially on behalf of a collective and/or class of other plaintiffs.

The duty to preserve evidence is broad and extends to all documents, regardless of whether the document is stored electronically (such as emails, computer files, or other electronic records and files) or in hard-copy and regardless of the type of document. For example, reports, spreadsheets, photographs and videotapes are all considered documents that must be preserved. Furthermore, the duty to preserve this documentary evidence extends to all documents in existence as of the time you reasonable anticipated this litigation.

Based on the claims asserted in the Complaint, all information and/or materials concerning the Plaintiff through and including the termination of her employment to the present, as well as all information and/or materials concerning your pay practices concerning ALL employees and former employees in the past six (6) years are potentially relevant to these disputes.

To ensure that all relevant documents are preserved, you should communicate directly with all employees who have possession or control of potentially relevant evidence, including but not limited to personnel who deal with physical and/or electronic files retention, deletion, and archiving. You should advise each of these employees to preserve any relevant documents in their custody. Furthermore, you should advise all such persons that any regularly scheduled and/or automatic deletion of email or other electronic documents must be discontinued with respect to any relevant data. In addition, any document destruction (such as shredding of documents) must cease with respect to any relevant documents. All relevant documents, both electronic and paper, must be preserved for the duration of this litigation.

Please do not hesitate to contact us should you have any questions or concerns involving these obligations.

    Sincerely,

    */s Heng Wang*_____
    **HENG WANG & ASSOCIATES, P.C.**
    By: Heng Wang, Esq.
    305 Broadway, Suite 1000
    New York, NY 10007
    Tel:   (212) 513-1183
    Heng.wang@wanggaolaw.com
    *Attorney for Plaintiff*